UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jabbar Jomo Straws, #231018, | ) | C/A No.  4:08-03329-HFF-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A.J. Padula, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, __U.S. __, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Jabbar Jomo Straws (Petitioner) is an inmate at Lee Correctional Institution of the South Carolina Department of Corrections. He is serving a 110 year sentence stemming from convictions on charges of armed robbery, kidnaping, assault and battery with intent to kill and possession of a weapon during the commission of a violent crime. Petitioner was convicted and sentenced in the Lexington County Court of General Sessions on June 28, 2006. He filed a direct appeal with the South Carolina Court of Appeals on June 29, 2006, and his appeal is pending.

Petitioner has filed for federal habeas corpus relief under 28 U.S.C. § 2254.[1] Petitioner's sole ground for habeas relief is an alleged excessive delay by the South Carolina Court of Appeals in determining his direct appeal. Petitioner states his appeal has now been pending for 27 months, and that Petitioner filed his "final brief" in the appeal on February 1, 2008, "over seven months ago."

## Discussion

Petitioner has previously brought a § 2254 action in this District Court asserting nearly identical allegations, which was dismissed without prejudice on September 4, 2008. *See Jabbar Jomo Straws v. A. J. Padula, Warden,* Civil Action No. 4:08-02714-HFF-TER (SCDC). This court takes judicial notice of Civil Action No. 4:08-02714-HFF-TER . *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time"); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). As the issues involved in the petition *sub judice* have been addressed in Civil Action No. 4:08-02714-HFF-TER, this duplicate § 2254 petition should be summarily dismissed in the interests of judicial economy and efficiency.

As in Petitioner's previous case, the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 is subject to dismissal because Petitioner has not exhausted his state court remedies. With respect to his convictions and sentence, a petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971). The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State."

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts. . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the

3

petitioner." *Id.* at 911 (citations omitted).[2]  Because further review by a higher state court of Petitioner's convictions and sentence is currently pending, the grounds Petitioner could raise in a § 2254 petition have not been exhausted. *See In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990) ("[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies"); *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002).

Petitioner indicates that he is bringing this habeas action because of excessive delay by the South Carolina Court of Appeals in determining his direct appeal filed June 29, 2006. "State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman*, 46 F.3d 1129 (4th Cir. 1995) (unpublished). This Court could excuse the exhaustion requirement in this case if state remedies had been rendered ineffective through inordinate delay. In *Ward*, the court held that a fifteen year delay in a direct appeal from a conviction rendered the petitioner's state remedies ineffective. Here, however, the delay that Petitioner complains of does not rise to the level of the delay in *Ward* and does not render Petitioner's state court remedies ineffective.[3]

---

[2] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

[3] Generally, a more lengthy delay than that of which Petitioner complains is required. *See, e.g., Mathis v. Hood*, 851 F.2d 612 (2d Cir.1988) (six-year delay); *Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir.1987) (five-and one-half-year delay); *Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir.1986) (thirty-three-month delay). *See generally Patterson v. Leeke*, 556 F.2d 1168 (4th

It is also noted that Petitioner failed to assert any grounds for relief, other than inordinate delay, in the present petition. In other words, the Petitioner's habeas action contains no substantive claims upon which the Court could provide relief under § 2254, even if the exhaustion requirement were excused. While § 2254 allows for the filing of successive petitions, leave to file such petitions must be granted by the Court of Appeals. In addition, leave to file a successive petition is available only in certain limited circumstances. *See* 28 U.S.C. § 2244(b)(2).

The Court realizes that dismissal of the present action, without prejudice, results in Petitioner having to continue the wait for state court review of his PCR application. However, an alternative ruling could leave Petitioner in a position where he is unable to challenge his underlying state convictions in federal court. In essence, Petitioner's success in his present challenge of the state's delay in processing his PCR application may effectively foreclose Petitioner's ability to challenge his state court convictions in a future successive habeas action. Summary dismissal of the above-captioned case will protect Petitioner from a potential "successive petition bar" and allow Petitioner to bring substantive challenges to his state convictions when state remedies are exhausted.

### RECOMMENDATION

Accordingly, it is recommended that this petition for a writ of habeas corpus be dismissed *without prejudice* and without issuance and service of process upon the respondent. *See Toney v. Gammon*, 79 F3d. 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or are without merit)*; Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or

---

Cir.1977).

return).  *Cf*. the AEDPA.  Petitioner's attention is directed to the important notice on the following page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

December 17 , 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).